UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

ANGELIQUE SCOTT                          :
17179 62nd Road North
Loxahatchee, Florida 33470               :

      Plaintiff                    :

      v.                           :        CASE NO.

ROCKVILLE GYNECOLOGY, LLC                :
15204 Omega Drive, Suite 200
Rockville, MD 20850                      :

      And                          :

CAROLYNN YOUNG, M.D.                     :
15204 Omega Drive, Suite 200
Rockville, Maryland 20850                :

      Defendants                   :

---

### COMPLAINT AND JURY DEMAND

Plaintiff, Angelique Scott, by and through her attorneys, Andrew T. Burnett and Potter Burnett Law, LLC, hereby sues Carolynn Young, M.D. and Rockville Gynecology, LLC, and for grounds states as follows:

### PARTIES AND JURISDICTION

1.  This medical negligence claim is instituted pursuant to Md. Code Ann., Cts. & Jud. Proc. §3-2A-01 – §3-2A-10, for the recovery of damages in excess of Seventy-Five Thousand Dollars ($75,000.00). Plaintiff has previously filed a Statement of Claim, Certificate of Qualified Expert and a Notice of Waiver with the Health Care Alternative Dispute Resolution Office. The Order of Transfer is attached hereto.

POTTER BURNETT LAW
16701 MELFORD BLVD
SUITE 321
BOWIE, MD 20715
301.850.7000

2. Plaintiff hereby attaches and incorporates by reference the Certificate of Qualified Expert and Report of James Rice, M.D.

3. Plaintiff, Angelique Scott is a resident of Florida.

4. At all times material to this case, the Defendant, Carolynn Young, M.D., (hereinafter "Dr. Young"), has been a physician engaged in the practice of medicine in Montgomery County, Maryland, including at Rockville Gynecology, LLC, acting individually and/or through actual and/or apparent agents, servants and/or employees.

5. At all times material to this case, the Defendant, Rockville Gynecology, LLC, has been a Maryland Limited Liability Company engaged in the administration, staffing, operation, and supervision of a medical facility in Montgomery County, Maryland, providing medical care and other services, acting individually and/or through its actual and/or apparent agents, servants and/or employees, including, but not limited to, Dr. Young.

6. The medical care that forms the basis of Plaintiff's Complaint occurred in Montgomery County, Maryland.

7. Accordingly, under 28 U.S.C. §1332, this is an action between citizens of different states and jurisdiction in the United States District Court for the District of Maryland is proper.

## STATEMENT OF FACTS

8. According to the medical records, Ms. Scott was 35 years old when she presented to Dr. Young on February 11, 2014 with complaints of pelvic pain and abnormal cycles. Dr. Young diagnosed Ms. Scott with pelvic pain, menorrhagia, intramural fibroids and recommended a course of hormone therapy.

9. Ms. Scott returned to see Dr. Young on October 9, 2014 with continued complaints of pelvic pain. Due to the continued pain, Dr. Young recommended a laparoscopic evaluation for possible endometriosis. Surgery was scheduled for December 17, 2014.

10. On December 17, 2014, Ms. Scott underwent a Da Vinci laparoscopic excision and ablation of endometriosis performed by Dr. Young. During the surgery, Dr. Young caused an injury to Ms. Scott's rectum resulting in a perforation. Notwithstanding, Ms. Scott was discharged to home later that evening.

11. In the days after the surgery, Ms. Scott telephoned and spoke with employees/servants and/or agents of Rockville Gynecology, LLC noting increased pain, inability to sleep, nausea, vomiting, and a fever. Ms. Scott was eventually seen by Astrid Gonzalez, M.D., an actual and/or apparent agent, servant and/or employee of Rockville Gynecology, LLC, on December 23, 2014.  After examination by Dr. Gonzalez, Ms. Scott was sent to Shady Grove Adventist Hospital Emergency Room for postop symptoms concerning for infection/postop ileus/bowel injury.

12. On December 23, 2014 at Shady Grove Adventist Hospital Emergency Room Ms. Scott was noted to have a fever, abdominal pain, nausea, vomiting. Ms. Scott was noted to be septic and admitted to the hospital for further workup.

13. On December 24, 2014, a CT scan and a x-ray barium enema were performed. The radiologist found that Ms. Scott had a perforation of the right lateral wall of the distal rectum approximately 5 cm from the anal verge.

14. On December 24, 2014, Ms. Scott was taken to the operating room with a preoperative diagnosis of a rectal perforation. Joshua Felsher, M.D. performed a

POTTER BURNETT LAW
16701 MELFORD BLVD
SUITE 321
BOWIE, MD 20715
301.850.7000

laparoscopic washout with diverting colostomy. Ms. Scott remained hospitalized at Shady Grove Adventist Hospital until January 6, 2015 at which time she was discharged for rehabilitation.

15. After being discharged, Ms. Scott developed significant right lower quadrant pain with blood in her ostomy bag and also had blood from her rectum on multiple occasions. A CT scan from March 23, 2015 demonstrated a defunctioning colostomy and rectosigmoid colitis.

16. A colonoscopy was performed on April 27, 2015 which noted inflammation in the rectum and sigmoid colon but no perforation of the diverting colostomy.

17. On June 26, 2015, Ms. Scott underwent a cystoscopy, bilateral ureteral stent placement, proctoscopy, colostomy reversal and diagnostic laparoscopy.   The operative report noted left and right fallopian appeared edematous with hydrosalpinx and adhesions. Ms. Scott continues to have pain, discomfort, and permanent disfigurement. Ms. Scott continues to have pain, discomfort, and permanent disfigurement.

## <u>COUNT I (MEDICAL NEGLIGENCE)</u>

Plaintiff, Angelique Scott, by and through her undersigned attorneys, hereby sues all of the Defendants, and for her causes of action states as follows:

18.  Plaintiff incorporates herein by reference and re-alleges the above paragraphs of this Complaint.

19. In their care and treatment of Ms. Scott, the Defendants, acting individually, and/or by and/or through their respective actual an/or apparent agents, servants, and/or employees, owed Ms. Scott the duty to exercise that degree of care and skill

which a reasonably competent physician and/or gynecologist and/or similar healthcare provider is required to provide under the same or similar circumstances.

20. The Defendants, acting individually, and/or by and/or through their respective actually and/or apparent agents, servants, and/or employees, breached the aforesaid duty of care to Ms. Scott and were negligent in the following ways, among others:

    a.  Failure to conduct appropriate and careful examinations;

    b.  Failure to properly perform the Da Vinci laparoscopic excision and ablation of endometriosis

    c.  Injured and/or perforated Ms. Scott's rectum

    d.  Failed to recognize the injury to Ms. Scott's rectum

    e.  Failure to timely and adequately recognize Ms. Scott's serious medical condition;

    f.  Failure to timely and adequately treat Ms. Scott's condition;

    g.  Was otherwise negligent in the care and treatment of Ms. Scott.

21. As a direct and proximate result of the above-described negligence and breaches in the applicable standards of care, Ms. Scott has been caused to sustain serious, painful, and permanent injuries to her body, resulting in conscious pain and suffering, emotional distress, medical expenses and lost wages.

22. Had the Defendants complied with the applicable standards of care, Ms. Scott would not have suffered the above-identified injuries and damages.

23. The injuries and damages suffered by Ms. Scott were directly and proximately caused by the negligence of the Defendants, with no negligence on the part of Ms. Scott contributing thereto.

POTTER BURNETT LAW
16701 MELFORD BLVD
SUITE 321
BOWIE, MD 20715
301.850.7000

WHEREFORE, Ms. Scott requests that a judgment be entered against the Defendants for economic and noneconomic damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT II (LACK OF INFORMED CONSENT)

1. Plaintiff incorporates herein by reference and re-alleges the above paragraphs of this Complaint.

2. The Defendant providers identified above failed to obtain the patient's informed consent regarding the nature, extent, and risks of the proposed surgery.

3. As a result of the Defendants' failure to obtain the patient's informed consent regarding the nature, extent, and risks of proposed surgery, Angelique Scott suffered injuries and damages as aforesaid.

WHEREFORE, Ms. Scott requests that a judgment be entered against the Defendants for economic and noneconomic damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

Respectfully submitted,

**Potter Burnett Law, LLC**

Andrew T. Burnett
Andrew@PotterBurnettLaw.com
16701 Melford Blvd, Suite 321
Bowie, MD 20715
(301) 850 7000
Counsel for the Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that the claims in this case be tried by a jury.

Respectfully submitted,

**Potter Burnett Law, LLC**

Andrew T. Burnett
Andrew@PotterBurnettLaw.com
16701 Melford Blvd, Suite 321
Bowie, MD 20715
(301) 850 7000
Counsel for the Plaintiff